Caroline Janzen, OSB #176233
caroline@ruggedlaw.com
503-520-9900
JANZEN LEGAL SERVICES, LLC
4550 SW Hall Blvd
Beaverton, OR 97005
Phone: 503-520-9900
Fax: 503-479-7999
Attorney for Plaintiff

IN THE FEDERAL DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| RONALD ROSS CRAVEN, an Individual,<br><br>      Plaintiff,<br><br>  v.<br><br>SHRINERS HOSPITALS FOR CHILDREN, a corporation,<br><br>      Defendant. | Case No.<br><br>COMPLAINT FOR DAMAGES **(EMPLOYMENT DISCRIMINATION)**<br><br>Prayer: $454,107.00<br><br>NOT SUBJECT TO MANDATORY ARBITRATION<br><br>JURY TRIAL REQUESTED |

  COMES NOW, Plaintiff Ronald Craven, through counsel, and files this Complaint for Damages against the above-named Defendant. Plaintiff alleges as follows:

### INTRODUCTION

  This case goes to the heart of an individual's fundamental right to free religious expression and thought. This case also grapples with the very topical controversies surrounding management of the COVID-19 pandemic and the vaccine mandates that have swept the nation. In the end, though, this case is about the Plaintiff and the unlawful religious discrimination he

**Janzen Legal Services, LLC**
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

suffered at the hands of his employer, Shriners Children's Hospital, in Portland, Oregon.

## JURISDICTION, VENUE, AND PARTIES

1.

Venue for this action is proper in the District of Oregon. The Plaintiff, Ronald Craven, lives in Washington County, Oregon. Defendant is a corporation with more than 500 employees that does regular, sustained business activity in the State of Oregon. Plaintiff exhausted his administrative remedies through the U.S. Equal Employment Opportunity Commission and received a right-to-sue letter on or about July 27, 2022.

2.

At all times material to this Complaint, Plaintiff was a resident of Washington County, Oregon.

3.

At all times material to this Complaint, Defendant PeaceHealth was regularly conducting business in the State of Oregon, specifically at the Shriners Children's Hospital in Portland, Oregon.

4.

Plaintiff seeks a jury trial for all claims that can be tried to a jury under federal law.

## STATEMENT OF FACTS

5.

Defendant hired Plaintiff on or about August 9, 1998. Plaintiff worked without incident for twenty-three years as a skilled Senior Maintenance Technician/Facility Locksmith. At the time Plaintiff was terminated, he was making $33.37 per hour for an annual salary of approximately $73,875.86. Throughout his employment, Plaintiff received consistently very good to excellent reviews from his supervisor.

Plaintiff is also a devoutly religious individual who adheres to principles of a Christian faith.

6.

Until the COVID-19 pandemic unfolded, Plaintiff's faith had not caused a conflict with his work requirements.

7.

The COVID-19 pandemic manifested in Oregon in late February of 2020. The pandemic immediately represented a dramatic event in the lives of every Oregon resident, but particularly individuals who worked in health care facilities.

8.

As a facilities senior maintenance technician and locksmith, whose duties involved working throughout the hospital, Plaintiff was exposed to the harsh realities of the pandemic on a day-to-day basis, including the risk that he may become infected with the virus

9.

Despite those risks, Plaintiff continued to provide an exceptional quality of work at Defendant's hospital. Like so many workers during the pandemic, Plaintiff adjusted his life to best ensure the safety of patients and colleagues.

10.

For 18 months, Plaintiff scrupulously followed hospital rules and regulations to protect against infection, which included the wearing of personal protective equipment (herein, "PPE"), hand-washing and other hygiene protocols, social distancing when possible, and quarantining if necessary. Defendant did not require Plaintiff to be tested regularly for COVID-19. This was because Defendant's Infection Control department deemed Plaintiff not to be at risk for exposure because he wore PPE and followed hospital protocols around patients.

In the summer of 2021, Defendant announced it would be implementing a COVID-19 vaccine mandate which allowed for exceptions to the mandate based on religiously based objection to the vaccine or medical conditions that prevent individuals from taking the vaccine.

11.

Plaintiff submitted documentation and paperwork connected to his request for a religious exemption from the vaccine. Instead of reasonably accommodating Plaintiff's sincerely held religious beliefs, Plaintiff's requested religious exemption was denied and he was terminated on October 18, 2021.

12.

Plaintiff has suffered significantly because of Defendant's actions. Plaintiff was devastated by the loss of his job of 23 years, a job that he had planned to maintain until retirement. He also lost income for almost six months.

18.

The Defendant has yet to explain why, in its view, after nearly two years of being able to work without incident during the pandemic, Plaintiff's unvaccinated status suddenly created an unacceptable health and safety risk necessitating his termination.

19.

Upon information and belief, the Defendant's adverse employment actions against Plaintiff were not, as it has claimed, to protect against an unacceptable health and safety risk. Instead, those actions were discriminatory against Plaintiff based on his sincerely held religious beliefs and retaliation for expressing those beliefs. There were reasonable accommodations available to the Defendant with no undue burden on it that it failed to pursue. Instead, it took the most drastic employment action it could against Plaintiff with an unlawful discriminatory intent.

20.

Because of the Defendant's unlawful adverse employment actions against Plaintiff, Plaintiff has suffered economic loss and severe emotional distress.

## FIRST CLAIM FOR RELIEF
### (Unlawful Employment Discrimination Based on Religion in Contravention of Or. Rev. Stat. § 659A.030)

Plaintiff realleges all paragraphs above and below as if fully set forth herein.

21.

Plaintiff is a member of a protected class on the basis of his devout and sincerely held religious belief in the tenants of Christianity.

22.

The Plaintiff's sincerely held religious beliefs conflicted with the Defendant's COVID-19 vaccine mandate.

23.

When Plaintiff raised his well-founded and sincere religious objection to taking the COVID-19 vaccine, the Defendant failed to make a good faith effort to accommodate Plaintiff's religious beliefs. It would not have been an undue hardship to have allowed Plaintiff to continue working with PPE, regular testing, and other measures to protect against the spread of COVID-19, as was done for the nearly two years before the imposition of the COVID-19 vaccine mandate.

24.

Instead of finding a reasonable accommodation or set of accommodations for his religious beliefs, the Defendant terminated him. The unlawful discrimination against Plaintiff's religion by Defendant as outlined above was a proximate cause of Plaintiff's wrongful termination.

25.

As a result of Defendant's violation of O.R.S. 659A.030(1)(A), Plaintiff has been damaged in an amount of no less than $100,000.00 in economic damages, or a different amount to be determined at trial, and for non-economic damages in an amount to be determined at trial

for suffering, emotional distress, anguish, and mental distress. Plaintiff also seeks punitive damages. Plaintiff further seeks attorney's fees.

## SECOND CLAIM FOR RELIEF
### (Unlawful Discrimination in Contravention of Title VII of the Civil Rights Act – 42 U.S.C. §2000e et seq.)

Plaintiff realleges all paragraphs above and below as if fully set forth herein.

26.

Plaintiff is a member of a protected class on the basis of his devout and sincerely held religious belief in the tenants of Christianity.

27.

The Plaintiff's sincerely held religious beliefs conflicted with the Defendant's COVID-19 vaccine mandate.

28.

When Plaintiff raised his well-founded and sincere religious objection to taking the COVID-19 vaccine, the Defendant failed to make a good faith effort to accommodate Plaintiff's religious beliefs. It would not have been an undue hardship to have allowed Plaintiff to continue working with PPE, regular testing, and other measures to protect against the spread of COVID-19, as was done for the nearly two years before the imposition of the COVID-19 vaccine mandate.

29.

Instead of finding a reasonable accommodation or set of accommodations for his religious beliefs, the Defendant engaged in a series of adverse employment actions culminating in Plaintiff's termination. The unlawful discrimination against Plaintiff's religion by Defendant as outlined above was a proximate cause of Plaintiff's wrongful termination.

30.

As a result of Defendant's unlawful discrimination, Plaintiff has been damaged in an

amount to be determined at trial, but that exceeds $100,000.00, and for non-economic damages in an amount to be determined at trial for suffering, emotional distress, anguish, and mental distress. Plaintiff also seeks punitive damages. Plaintiff further seeks attorney's fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant and seeks the following relief:

1. A judgment in favor of Plaintiff and against Defendant on both claims in an amount to be determined at trial but exceeding $100,000.00.
2. Plaintiff seeks a trial by Jury on all claims to which Plaintiff is entitled to a jury trial.
3. Plaintiff's reasonable attorney fees, costs, and prevailing party fees.
4. Any other relief as the Court deems just and equitable.

DATED this 24 day of October, 2022.

JANZEN LEGAL SERVICES, LLC

By /s/ Caroline Janzen
Caroline Janzen, OSB No. 176233
caroline@ruggedlaw.com
Attorney for the Plaintiff