IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **RONALD ROSS CRAVEN**, <br><br> Plaintiff, <br><br> v. <br><br> **SHRINERS HOSPITALS FOR CHILDREN**, <br><br> Defendant. | Case No. 3:22-cv-01619-IM <br><br> **OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |

Caroline Janzen, Janzen Legal Services, LLC, 4550 SW Hall Boulevard, Beaverton, OR 97005. Attorney for Plaintiff.

Sarah Elizabeth Ames Benedict, Davis Wright Tremaine, LLP, 1300 SW Fifth Avenue, Suite 2400, Portland, OR 97201. Attorney for Defendant.

**IMMERGUT, District Judge.**

On October 24, 2022, Plaintiff Ronald Ross Craven ("Plaintiff") filed a complaint in this Court against Defendant Shriners Hospitals for Children ("Defendant"), alleging religious discrimination in relation to his termination from employment. ECF 1. On January 27, 2023, Defendant filed a Motion to Dismiss for failure to state a claim under Federal Rule of Civil

PAGE 1 – OPINION AND ORDER

Procedure 12(b)(6). ECF 6. Plaintiff timely filed a response, ECF 9, to which Defendant timely filed a reply, ECF 10.

Defendant's Motion to Dismiss, ECF 6, is now before this Court. For the following reasons, Defendant's motion is GRANTED.

## BACKGROUND

Plaintiff is a resident of Washington County, Oregon. ECF 1 at ¶ 1. Defendant is a corporation with more than five hundred employees doing regular, sustained business in the State of Oregon. *Id.* Defendant hired Plaintiff on or about August 9, 1998 and Plaintiff worked as a Senior Maintenance Technician/Facility Locksmith "without incident" for Defendant for twenty-three years. *Id.* at ¶ 5. Plaintiff's duties involved working throughout the hospital. *Id.* at ¶ 8. At the time Plaintiff was terminated, he was making $33.37 per hour for an annual salary of approximately $73,875.86. *Id.* at ¶ 5.

Starting in late February of 2020, the COVID-19 pandemic prompted a change in hospital rules and regulations. *See id.* at ¶¶ 7, 10. Plaintiff continued to work at Defendant's hospital and followed hospital rules and regulations to protect against infection—including wearing personal protective equipment ("PPE"), hand-washing and other hygiene protocols, social distancing, and quarantining if necessary—for eighteen months. *Id.* at ¶ 10. Because Plaintiff followed protocols, Defendant's Infection Control department did not require Plaintiff to participate in regular COVID-19 testing. *Id.*

In the summer of 2021, Defendant announced it would be implementing a COVID-19 vaccine mandate, which included exceptions for religious and medical objections to the vaccine. *Id.* Plaintiff is "a devoutly religious individual who adheres to principles of a Christian faith." *Id.* at ¶ 5. Plaintiff's "sincerely held religious beliefs conflicted with the Defendant's COVID19 vaccine mandate." *Id.* at ¶ 27. Plaintiff submitted a request for a religious exemption from the

PAGE 2 – OPINION AND ORDER

vaccine. *Id.* at ¶ 11. Defendant denied Plaintiff's requested religious exemption and terminated Plaintiff on October 18, 2021. *Id.* As a result of this termination, Plaintiff alleges that he lost income for almost six months. *Id.* at ¶ 12.

Thereafter, Plaintiff filed an administrative complaint with the Oregon Bureau of Labor and Industries ("BOLI") on February 11, 2022. ECF 7, Benedict Decl. at ¶ 2;[1] ECF 7, Ex. A at 3; *see also* ECF 1 at ¶ 1. Plaintiff's BOLI Complaint was automatically co-filed with the U.S. Equal Employment Opportunity Commission ("EEOC"). ECF 7, Ex. A at 8. Ultimately, BOLI issued a Right to Sue letter with a date of mailing of June 23, 2022. ECF 7, Benedict Decl. at ¶ 3; ECF 7, Ex. B. In this letter, BOLI dismissed Plaintiff's complaint and stated that it had not found sufficient evidence for the BOLI Charge as well as the EEOC Charge, which was expressly referenced in the caption. ECF 7, Ex. B. The letter also stated that "the Complainant . . . may file a civil action against the Respondent . . . within 90 days after the date of mailing of this 90-day notice" and that "[a]ny right to bring a civil action against the Respondent under ORS 659A.885 will be lost if the civil action is not commenced within 90 days after the date of mailing of this 90-day notice." *Id.*

The EEOC adopted BOLI's findings and sent its own Right to Sue letter dated July 8, 2022. ECF 7, Benedict Decl. at ¶ 4; ECF 7, Ex. C at 1. This letter informed Plaintiff that any

---

[1] Defendant provides administrative records related to Plaintiff's BOLI/EEOC case—including a BOLI Right to Sue Letter—in support of its motion to dismiss. *See* ECF 7. Plaintiff asserts that these exhibits are "improperly introduce[d] extrinsic evidence." ECF 9 at 3. Plaintiff further contends that the BOLI Right to Sue letter is immaterial because the letter was received by Defendant, rather than Plaintiff. *Id.* at 4. However, this Court finds that it may consider these records. Although this Court is ordinarily limited to the complaint in deciding a Rule 12(b)(6) motion, it may consider "records and reports of administrative bodies" on a Rule 12(b)(6) motion. *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986), *abrogated on other grounds by Astoria Fed. S&L Ass'n v. Soimino*, 501 U.S. 104 (1991). As the records provided by Defendant in support of its motion to dismiss satisfy this standard, this Court takes notice of these records. *See* ECF 7.

PAGE 3 – OPINION AND ORDER

lawsuit against Respondent "must be filed WITHIN 90 DAYS of [his] receipt of th[e] notice" and that his "right to sue based on this charge will be lost if [he does] not file a lawsuit in court within 90 days." ECF 7, Ex. C at 1. The letter also advised Plaintiff to "keep a record of the date [he] received th[e] notice." *Id.* Plaintiff alleges that he received a EEOC Right to Sue letter "on or about July 27, 2022." ECF 1 at ¶ 1. Plaintiff further alleges that he exhausted his administrative remedies through the EEOC. *Id.* On October 24, 2022, Plaintiff filed a complaint in this Court. ECF 1.

## STANDARDS

A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The court must draw all reasonable inferences from the factual allegations in favor of the plaintiff. *Newcal Indus., Inc. v. Ikon Office Sol.*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008). The court need not, however, credit the plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A complaint must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the

PAGE 4 – OPINION AND ORDER

expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Mashiri v. Epsten Grinnell & Howell*, 845 F.3d 984, 988 (9th Cir. 2017) (quotation marks omitted) (quoting *Iqbal*, 556 U.S. at 678).

"If the running of the statute is apparent on the face of the complaint, a statute of limitations defense may be raised by a motion to dismiss." *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980) (citations omitted). "If the defense does not appear on the face of the complaint and the trial court is willing to accept matters outside of the pleadings, the defense can still be raised by a motion to dismiss accompanied by affidavits." *Id.* (citation omitted).

## DISCUSSION

Plaintiff alleges two claims in his complaint: religious discrimination in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.*, and religious discrimination in violation of Oregon Revised Statute ("O.R.S.") 659A.030. ECF 1 at ¶¶ 21–30. Defendant moves to dismiss Plaintiff's complaint in its entirety with prejudice, arguing that both claims are untimely under the applicable statute of limitations for each claim. ECF 6 at 2. This Court finds that both Plaintiff's federal claim and Plaintiff's state claim are untimely. Accordingly, Defendant's motion is GRANTED.

This Court analyzes each claim in turn.

**A. Religious Discrimination in Violation of Title VII**

This Court first addresses Plaintiff's federal claim for religious discrimination in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.* ECF 1 at ¶¶ 26–30.

PAGE 5 – OPINION AND ORDER

Defendant contends that Plaintiff's federal claim is time-barred because Plaintiff filed his complaint in violation of Title VII's ninety-day limitations period. ECF 6 at 6. This Court agrees.

Title VII provides that upon dismissing a charge of discrimination, the EEOC must notify the claimant and inform him that he has ninety days to bring a civil action. 42 U.S.C. § 2000e–5(f)(1). This ninety-day period "operates as a limitations period." *Payan v. Aramark Mgmt. Servs. Ltd. P'ship*, 495 F.3d 1119, 1121 (9th Cir. 2007) (citation omitted). Therefore, if a claimant fails to file the civil action within the ninety-day period, the action is time-barred. *Nelmida v. Shelly Eurocars, Inc.*, 112 F.3d 380, 383 (9th Cir. 1997). However, "the ninety-day time limit on Title VII civil suits does not commence until the plaintiff receives notice of his or her right to sue and [notice of] the date from which the time limit on this right starts to run." *Missirlian v. Huntington Mem'l Hosp.*, 662 F.2d 546, 549 (9th Cir. 1981); *see also Payan*, 495 F.3d at 1122. The Ninth Circuit measures "the start of the limitations period from the date on which a right-to-sue notice letter arrived at the claimant's address of record." *Payan*, 495 F.3d at 1122 (citations omitted). Where the date of actual receipt is unknown or a recipient is not sure when the notice arrived, courts in the Ninth Circuit estimate that date "based on the date of EEOC disposition and issuance of notice, with some compensation for mailing time." *Id.*; *see also Rhodes v. Raytheon Co.*, 555 F. App'x 665, 667 (9th Cir. 2014). Specifically, the Ninth Circuit applies a rebuttable presumption that mail reaches its recipient three days after the date of mailing. *Payan*, 495 F.3d at 1122. In doing so, the Ninth Circuit presumes that the letter issuance date is also the date on which the letter was mailed. *Id.* at 1123.

Plaintiff's Right to Sue letter was issued on July 8, 2022. ECF 7, Ex. C, at 1. In his Complaint, Plaintiff alleges that he "received a right-to-sue-letter [from the EEOC] on or about July 27, 2022," which is approximately three weeks after the letter was issued. ECF 1 at ¶ 1.

PAGE 6 – OPINION AND ORDER

Plaintiff filed suit eighty-nine days after July 27, 2022. ECF 1. Defendant argues that Plaintiff's complaint is untimely under the Ninth Circuit's rebuttable presumption that mail reaches its recipient three days after the date of mailing. ECF 6 at 10. Defendant argues that Plaintiff is presumed to have received the Right to Sue letter on July 11, 2022, which is three days after July 8. *Id.* Although Plaintiff's filing deadline would then be October 11, 2022,[2] Plaintiff did not file his complaint until October 24, 2022. ECF 1. In response, Plaintiff contends that he sufficiently pleaded facts demonstrating the date on which he was in actual receipt of the EEOC's right-to-sue letter. ECF 9 at 5–6.

This Court finds that Defendant has properly raise a statute of limitations defense. Although Plaintiff alleges that he received the EEOC letter "on or about July 27, 2022," the date of actual receipt is not alleged. Where a recipient is not sure when the notice arrived, courts in the Ninth Circuit apply a rebuttable presumption that mail reaches its recipient three days after the date of mailing. *Rhodes,* 555 F. App'x at 667. In doing so, courts presume that the letter issuance date is also the date on which the letter was mailed. *Payan*, 495 F.3d at 1123. Accordingly, this Court presumes that the letter issuance date of July 8, 2022 is also the date on which the letter was mailed to Plaintiff. This Court further presumes that Plaintiff received the EEOC Right to Sue letter on July 11, 2022. *See, e.g.*, *Rhodes*, 555 F. App'x at 667 (affirming application of rebuttable presumption at motion to dismiss stage).

This Court's presumption is rebuttable: "to rebut a mailing presumption, the plaintiff must show that []he did not receive the EEOC's right-to-sue letter in the ordinary course."

---

[2] Because ninety days from July 11, 2022 is Sunday, October 9, 2022, the deadline would be the next business day. This Court was closed on October 10, 2022, due to observance of a federal holiday. Accordingly, the next business day after October 9, 2022 was October 11, 2022. *See* Fed. R. Civ. P. 6(a)(1)(C).

PAGE 7 – OPINION AND ORDER

*Payan*, 495 F.3d at 1126. Plaintiff may overcome this presumption with specific evidence; however, vague, unsupported allegations are insufficient. *Id.* at 1126–27. In Plaintiff's response, Plaintiff argues that "Defendant's argument that the Plaintiff was 'vague' about his receipt of the Right to Sue letter is specious" and that "Plaintiff was direct and specific about when he received the EEOC's notice." ECF 7 at 5. However, Plaintiff does not specify the actual date of receipt in his complaint and offers no evidence to show that he did not receive the EEOC's Right to Sue letter in the ordinary course. This Court finds that Plaintiff's self-serving allegation is insufficient to overcome the Ninth Circuit's three-day mailing presumption. *See Payan*, 495 F.3d at 1127 (finding evidence to rebut presumption insufficient where plaintiff offered unsupported conjecture that mail might have been delayed); *Rhodes*, 555 F. App'x at 667 (finding evidence to rebut presumption insufficient where plaintiff alleged attorney did not receive notice until after presumed date because attorney was away from his office when notice arrived).

As such, this Court presumes that Plaintiff received the EEOC Right to Sue letter on July 11, 2022, which would set his filing deadline to October 11, 2022. This EEOC Right to Sue letter explicitly informed Plaintiff that his "right to sue based on this charge [would] be lost if [he did] not file a lawsuit in court within 90 days." ECF 7, Ex. C at 1. The letter also advised Plaintiff to "keep a record of the date [he] received th[e] notice." *Id.* Plaintiff did not file his complaint until October 24, 2022—more than ninety days after his receipt of the letter. Accordingly, this Court finds that Plaintiff's federal claim is untimely. *See, e.g.*, *Nelmida*, 112 F.3d at 383. This Court GRANTS Defendant's Motion to Dismiss as to Plaintiff's Title VII claim.

**B. Religious Discrimination in Violation of O.R.S. 659A.030**

Plaintiff also bring a state religious discrimination claim under O.R.S. 659A.030. ECF 1 at ¶¶ 21–25. Defendant contends that Plaintiff's state claim is time-barred because Plaintiff filed

PAGE 8 – OPINION AND ORDER

his complaint in violation of the applicable ninety-day limitations period under Oregon law. ECF 6 at 5. This Court agrees.

Oregon's statute of limitations requires that Plaintiff file his state religious discrimination claim within ninety days from the date his Right to Sue Letter is mailed, or it is time-barred. O.R.S. 659A.875(2) ("A person who has filed a complaint under ORS 659A.820 [BOLI Complaint] must commence a civil action under ORS 659A.885 within 90 days after a 90-day notice is mailed to the complainant under ORS 659A.880 [90-day Right to Sue Letter]."). Plaintiff filed an administrative complaint with BOLI on February 11, 2022. ECF 7, Benedict Decl. at ¶ 2; ECF 7, Ex. A at 3; *see also* ECF 1 at ¶ 1. BOLI issued a Right to Sue letter with a date of mailing of June 23, 2022. ECF 7, Benedict Decl. at ¶ 3; ECF 7, Ex. B.[3] This letter explicitly stated that "[a]ny right to bring a civil action . . . will be lost if the civil action is not commenced within 90 days after the date of mailing of this 90-day notice." ECF 7, Ex. B. The applicable ninety-day statute of limitations ran on September 21, 2022. Plaintiff did not file his lawsuit until October 24, 2022, 123 days after the BOLI Right to Sue letter was mailed. ECF 1.

Accordingly, this Court finds that Plaintiff's state claim is untimely. Defendant's Motion to Dismiss is GRANTED as to Plaintiff's state religious discrimination claim.

---

[3] Plaintiff asserts that Defendant's Exhibit B is immaterial, as the Right to Sue letter in this Exhibit is addressed to Defendant rather than Plaintiff. ECF 9 at 4. Plaintiff further argues that because he has not alleged a date on which he received the BOLI letter, his state law claim should not be dismissed. *Id.* However, the only reasonable and compelling inference which this Court may draw in evaluating Defendant's motion is that Plaintiff's BOLI letter was also mailed on June 23, 2022. This inference is supported by the fact that the content of the BOLI letter is addressed to *Plaintiff* as the Complainant, rather than to the Respondent. *See, e.g.*, ECF 7, Ex. B ("[Y]ou, the Complainant, may file a civil action against the Respondent under ORS 659A.885 within 90 days after the date of mailing of this 90-day notice.").

PAGE 9 – OPINION AND ORDER

## CONCLUSION

This Court GRANTS Defendant's Motion to Dismiss, ECF 6, with leave to amend with specificity as to pertinent dates. Any amended Complaint must be filed within fourteen days of the issuance of this Opinion and Order.

**IT IS SO ORDERED.**

DATED this 15th day of August, 2023.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge
