IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **RONALD ROSS CRAVEN**, an individual,<br><br>Plaintiff,<br><br>v.<br><br>**SHRINERS HOSPITALS FOR CHILDREN**, a corporation,<br><br>Defendant. | Case No. 3:22-cv-01619-IM<br><br>**OPINION AND ORDER GRANTING DEFENDANT SHRINER HOSPITALS FOR CHILDREN'S MOTION TO DISMISS WITH PREJUDICE** |

Caroline Janzen, Janzen Legal Services, LLC, 4550 SW Hall Blvd, Beaverton, OR 97005. Attorney for Plaintiff.

Meagan A. Himes and Sarah Elizabeth Ames Benedict, Davis Wright Tremaine, LLP, 1300 SW Fifth Avenue, Suite 2400, Portland, OR 97201. Attorneys for Defendant.

**IMMERGUT, District Judge.**

Before this Court is Defendant Shriners Hospitals for Children's Motion to Dismiss Plaintiff Ronald Craven's First Amended Complaint. *See* Defendant's Motion to Dismiss ("MTD"), ECF 15; First Amended Complaint ("FAC" or "Complaint"), ECF 12. Plaintiff alleges that Defendant committed employment discrimination on the basis of religion in violation of O.R.S. 659A.030 and Title VII of the Civil Rights Act. FAC, ECF 12 ¶¶ 17–28. For its part,

PAGE 1 – OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

Defendant contends the Complaint must be dismissed because (i) Plaintiff's claims are time barred; (ii) Plaintiff fails to state a claim for religious discrimination under Federal Rule of Civil Procedure 12(b)(6); and (iii) any accommodation for Plaintiff would impose an "undue hardship" on Defendant. *See* MTD, ECF 15.

Agreeing with argument (ii), this Court GRANTS the Motion to Dismiss with prejudice. Plaintiff has not properly alleged a Title VII or O.R.S. 659A.030 claim, and amendment would be futile.[1]

## LEGAL STANDARDS

A motion brought under Rule 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). To be entitled to a presumption of truth, a complaint's allegations "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The court must draw all reasonable inferences from the factual allegations in favor of the plaintiff. *Newcal Indus., Inc. v. Ikon Off. Sol.*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008). The court

---

[1] This Court does not rule on Defendant's statutes of limitations and "undue hardship" arguments. Earlier in this case, this Court dismissed Plaintiff's claims with leave to amend, reasoning that Plaintiff's Complaint lacked factual specificity concerning when he received relevant right to sue letters. ECF 11 at 5–9. Plaintiff has since amended his Complaint to include a more definite date as to when he received his EEOC Letter. *See* FAC, ECF 12 ¶ 1. Given this Court's disposition, this Court declines to decide how *Payan v. Aramark Management Services Ltd. Partnership*, 495 F.3d 1119 (9th Cir. 2007), applies at the motion to dismiss stage when the Complaint provides a specific date of receipt.

PAGE 2 – OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

need not credit legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

## BACKGROUND[2]

Plaintiff began working for Defendant in August 1998 as a Senior Maintenance Technician/Facility Locksmith. FAC, ECF 12 ¶ 5. Throughout his tenure, he consistently received very good to excellent reviews from his supervisor. *Id.*

In February 2020, the COVID-19 pandemic unfolded, "immediately represent[ing] a dramatic event in the lives of every Oregon resident, but particularly individuals who worked in health care facilities." *Id.* ¶ 7. For eighteen months thereafter, Plaintiff worked in person, following hospital rules, wearing personal protective equipment, social distancing, and quarantining when necessary. *Id.* ¶ 10.

Then, in the Summer of 2021, Defendant announced that it would be implementing a COVID-19 vaccine mandate, with exemptions available on religious grounds. *Id.* ¶ 11. To avail himself of the exemption, Plaintiff submitted a form, *id.* ¶ 12, stating:

> "Vaccine ingredients include carcinogens, neurotoxins, animal viruses, animal blood, allergens, and heavy metals. These ingredients can cause serious harm and even death to the body.
>
> Don't you know that your body is a temple of the Holy Spirit?" 1 Corinthians 6:19

---

[2] The background facts are drawn from the Complaint and Plaintiff's vaccination exemption form, which Defendant filed as part of its Motion to Dismiss, ECF 17-1, Ex. A. The form is incorporated by reference into the Complaint. *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (citations omitted). "When a general conclusion in a complaint contradicts specific facts retold in a document . . . incorporated by reference in the complaint, . . . those specific facts are controlling." *In re Finjan Holdings, Inc.*, 58 F.4th 1048, 1052 n.1 (9th Cir. 2023) (citations omitted). Otherwise, at the motion to dismiss stage, this Court must accept all well-pleaded factual allegations from the Complaint as true and draw all reasonable inferences in the non-movant's favor. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

PAGE 3 – OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

> "Stop trusting in mere humans, who have but a breath in their nostrils. Why hold them in esteem?" Isaiah 2:22
>
> "For God has not given us a spirit of fear, but of power and of love and of a sound mind." 2 Timothy 1:7

ECF 17-1, Ex. A at 1 (Exemption Request Form signed on September 28, 2021).

Defendant denied this exemption request and ultimately terminated Plaintiff from his position on October 18, 2021 because Plaintiff refused to be vaccinated. FAC, ECF 12 ¶ 12.

Plaintiff brought this case to federal court on October 24, 2022, seeking damages. ECF 1. Defendant responded with a motion to dismiss for failure to comply with the relevant statutes of limitations, ECF 6, which this Court granted with leave for Plaintiff to amend his Complaint, ECF 11. Plaintiff then filed his First Amended Complaint on August 29, 2023, ECF 12, to which Defendant responded with the Motion to Dismiss currently before this Court, ECF 15. This Court now grants the Motion.

## DISCUSSION

Under Title VII, it is unlawful for an employer "to discharge any individual . . . because of such individual's . . . religion." 42 U.S.C. § 2000e-2(a)(1). To make a prima facie case of religious discrimination under Title VII, Plaintiff must show that: "(1) [he] had a bona fide religious belief, the practice of which conflicted with an employment duty; (2) [he] informed h[is] employer of the belief and conflict; and (3) the employer threatened h[im] or subjected h[im] to discriminatory treatment, including discharge, because of h[is] inability to fulfill the job requirements." *Tiano v. Dillard Dep't Stores, Inc.*, 139 F.3d 679, 681 (9th Cir. 1998) (citation omitted). The same elements apply to claims under O.R.S. 659A.030. *Pullom v. U.S. Bakery*, 477 F. Supp. 2d 1093, 1100 (D. Or. 2007).

For the reasons below, this Court holds that Plaintiff's Complaint lacks sufficient factual content regarding the conflict between his religious beliefs and a COVID-19 vaccine mandate to

PAGE 4 – OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

survive Defendant's Motion to Dismiss. Further, amendment would be futile because, as shown in Plaintiff's exemption request, Plaintiff's objection to the COVID-19 vaccine was secular, not religious. Each conclusion is addressed in turn.

**A. The Complaint Fails to State a Prima Facie Claim**

The Complaint makes four allegations regarding Plaintiff's religious beliefs. First, he is "a devoutly religious individual who adheres to principles of a Christian faith." FAC, ECF 12 ¶ 5. Second, his religious beliefs are "sincerely held." *Id.* ¶¶ 12, 15. Third, "Defendant failed to make a good faith effort to accommodate Plaintiff's religious beliefs." *Id.* ¶ 20. And fourth, "Plaintiff's sincerely held religious beliefs conflicted with the Defendant's COVID-19 vaccine mandate." *Id.* ¶¶ 19, 25. Only this fourth allegation addresses any conflict between his religious belief and Defendant's vaccine mandate, and even then, it does not describe the conflict.

This single conclusory allegation is insufficient under Rule 12(b)(6). Although "the burden to allege a conflict with religious beliefs is fairly minimal," courts need not "take plaintiffs' conclusory assertions of violations of their religious beliefs at face value" and must still ask "whether [a plaintiff] has alleged an actual conflict." *Bolden-Hardge v. Off. of Cal. State Controller*, 63 F.4th 1215, 1223 (9th Cir. 2023). This Court previously dismissed a complaint substantially similar to the First Amended Complaint here for failing to describe the conflict between the plaintiff's religious beliefs and the challenged employment action. *Gamon v. Shriners Hosps. for Child.*, Case No. 3:23-cv-00216-IM, 2023 WL 7019980, at *3 (D. Or. Oct. 25, 2023). Because the First Amended Complaint is likewise deficient on its face, it must be dismissed.

This conclusion comports with those of other courts. *See, e.g.*, *Gage v. Mayo Clinic*, No. CV-22-02091-PHX-SMM, 2023 WL 3230986, at *3 (D. Ariz. May 3, 2023) ("Plaintiff does not explain her religious beliefs. Nor does she explain how practicing them conflicted with her

PAGE 5 – OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

employment duties at the Mayo Clinic. A threadbare reference to her 'religious beliefs' cannot suffice to meet this element at the motion to dismiss stage." (citation omitted)); *Kather v. Asante Health Sys.*, No. 1:22-cv-01842-MC, 2023 WL 4865533, at *5 (D. Or. July 28, 2023) ("[V]ague expressions of sincerely held Christian beliefs alone cannot serve as a blanket excuse for avoiding all unwanted employment obligations. . . . A threadbare reference to religious beliefs is insufficient at the motion to dismiss stage." (quotation marks and citation omitted)); *Harper v. Harbor Health*, Civil Action No. 21-cv-11562-AK, 2022 WL 2971883, at *3 (D. Mass. July 27, 2022) (holding that Title VII claims made "in a conclusory fashion" are "insufficient to state a plausible claim for relief for religious discrimination" (citation omitted)); *Troulliet v. Gray Media Grp., Inc.*, CIVIL ACTION NO. 22-5256, 2023 WL 2894707, at *5 (E.D. La. Apr. 11, 2023) (holding that it was insufficient for a plaintiff to "rel[y] merely on her conclusory assertions that she remained unvaccinated because she would not violate her religious beliefs"); *Cagle v. Weill Cornell Med.*, 22-cv-6951 (LJL), 2023 WL 4296119, at *4 (S.D.N.Y. June 30, 2023) ("Bald allegations that a plaintiff has a religious belief and that those religious beliefs conflict with an employment requirement are insufficient to state a claim for religious discrimination under Title VII." (citation omitted)); *Rainey v. Westminster Pub. Schs.*, Civil Action No. 22-cv-03166-RMR-KAS, 2023 WL 6292722, at *3 (D. Colo. Sept. 27, 2023) ("Threadbare references to Plaintiffs' religious beliefs are insufficient to satisfy the first element of a failure to accommodate claim at the motion to dismiss stage." (citation omitted)).

Consistent with the foregoing case law, Plaintiff's conclusory references to his religious beliefs in his Complaint cannot survive Rule 12(b)(6) scrutiny.

## B. Amendment Would Be Futile

Even if Plaintiff had leave amend his Complaint, he would still be unable to set forth a prima facie case under Title VII and O.R.S. 659A.030. *See* Defendant's Reply, ECF 25 at 6 n.3.

PAGE 6 – OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

Courts, including this one, have often dismissed "certain pleadings in Title VII discrimination cases . . . because, on close inspection, their allegations, which were couched as religious objections to employment practices, were in fact secular." *Gamon*, 2023 WL 7019980 at *3. To determine if amendment would be futile, this Court must consider whether Plaintiff's objection to the COVID-19 vaccine—as described in his exemption form—was religious or secular.[3]

It was decidedly secular. As Plaintiff wrote, he objected to the COVID-19 vaccine because its "ingredients include carcinogens, neurotoxins, animal viruses, animal blood, allergens, and heavy metals," which "can cause serious harm and even death to the body." ECF 17-1, Ex. A at 1. This judgment—on the potential danger of the vaccine due to its physical composition—was scientific and medical, not religious. Of course, this Court does not question the sincerity of Plaintiff's belief that his "body is a temple of the Holy Spirit." *See Keene v. City & County of San Francisco*, No. 22-16567, 2023 WL 3451687, at *2 (9th Cir. May 15, 2023) ("[A]n assertion of a sincere religious belief is generally accepted." (citation omitted)). But Plaintiff's beliefs about the composition of his body and that of the vaccine are independent of one another; whether Plaintiff's body is a temple has no bearing on whether the vaccine contains carcinogens or whether, as a result of its ingredients, it "can cause serious harm."

Therefore, Plaintiff's allegations, even if fleshed out in a subsequent filing, would fail to state a claim of *religious* discrimination under Title VII. *See Detwiler v. Mid-Columbia Med. Ctr.*, Case No. 3:22-cv-01306-JR, 2023 WL 7221458, at *6 (D. Or. Sept. 13, 2023) ("[T]he

---

[3] Plaintiff's exemption form contains the only facts he could add to an amended complaint. This is because, under the second element of a prima facie case, the conflict a Title VII Plaintiff alleges must be the same conflict of which he informed his employer. When asked by this Court to produce any documents submitted to Defendant and incorporated by reference into the First Amended Complaint, ECF 26, Plaintiff reproduced the exemption form and produced an appeals document that did not contain any additional substantive allegations regarding his religious beliefs. *See* ECF 28-1.

PAGE 7 – OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

Court readily accepts that plaintiff 'has a bona fide religious belief that her body is a temple of the Holy Spirit'—however, plaintiff's specific determination of what is harmful . . . was not, in this case, premised on the Bible or any other religious tenet or teaching, but rather on her research-based scientific/medical judgments."), *findings and recommendation adopted*, 2023 WL 7220734 (D. Or. Nov. 2, 2023); *see also, e.g.*, *Fallon v. Mercy Cath. Med. Ctr. of Se. Pa.*, 877 F.3d 487, 492 (3d Cir. 2017) ("It does not appear that these beliefs address fundamental and ultimate questions having to do with deep and imponderable matters . . . . Generally, [plaintiff] simply worries about the health effects of the flu vaccine . . . ."); *Kiel v. Mayo Clinic Health Sys. Se. Minn.*, Civil No. 22-1319 (JRT/ECW), 2023 WL 5000255, at *8 (D. Minn. Aug. 4, 2023) ("Because this objection appears rooted in her belief that the vaccine is unhealthy or unsafe, which is not itself a religious belief, it does not satisfy the first" element for a Title VII claim.); *Bube v. Aspirus Hosp., Inc.*, 22-cv-745-jdp, 2023 WL 6037655, at *4 (W.D. Wis. Sept. 15, 2023) (dismissing claims because they hinged on "objections about personal autonomy, as well as the safety and efficacy of the vaccine," "not religious objections").

In sum, any additional amendment "would fail to cure the pleading deficiencies"—that is, "amendment would be futile." *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (citation omitted); *see Breshears v. Or. Dep't of Transp.*, Case No. 2:22-cv-01015-SB, 2023 WL 136550, at *4 n.3 (D. Or. Jan. 9, 2023) (dismissing Title VII claim with prejudice on grounds of futility). Accordingly, the dismissal must be with prejudice.

## CONCLUSION

This Court GRANTS Defendant's Motion to Dismiss, ECF 15, with prejudice.

**IT IS SO ORDERED.**

DATED this 2nd day of January, 2024.

PAGE 8 – OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge